TEXAS IRR. CO. v. MOORE, BRYAN & PERRY et al.[†]

(Court of Civil Appeals of Texas. San Antonio. Jan. 8, 1913. Rehearing Denied Feb. 5, 1913.)

1. WATERS AND WATER COURSES (§ 254*)—IRRIGATION—CONTRACTS TO SUPPLY WATER—CONSTRUCTION.

A contract binding a party to furnish to the adverse party water for irrigation at a specified sum per acre for all land receiving water, and binding the adverse party to pay the specified sum for the water, does not require the adverse party to cultivate all of the land himself, but he may obtain tenants, and the contract binds the party to supply water whether the land is cultivated by the adverse party or by tenants.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. § 311; Dec. Dig. § 254.*]

2. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—SUFFICIENCY.

Where assignments of error complaining of the admission of evidence made no mention of the witnesses permitted to testify to the matters complained of, and the statement following made no reference to bills of exceptions reserved to the testimony, and the record contained no reference, there was no basis for the assignments, and they would be overruled.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

3. WATERS AND WATER COURSES (§ 254*)—IRRIGATION — CONTRACTS — MISLEADING INSTRUCTIONS.

An instruction defining the measure of damages for the failure to supply water for irrigation, as required by contract, as the difference between the value of the crop raised, less

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

† Writ of error denied by Supreme Court.

the cost of raising, harvesting, and marketing, and the value of the crop that would have been raised if properly watered, less the cost of raising, harvesting, and marketing, and confining the value of the crop to its market value, is not misleading as leading the jury to award excessive damages.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. § 311; Dec. Dig. § 254.*]

**4. APPEAL AND ERROR (§ 880*)—ERRORS NOT AFFECTING PARTY COMPLAINING.**

A plaintiff failing to recover from defendant may not complain of errors in instructions as to the claim of an intervener against defendant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3584–3590; Dec. Dig. § 880.*]

**5. APPEAL AND ERROR (§ 1068*)—HARMLESS ERROR — ERRONEOUS REFUSAL OF INSTRUCTIONS.**

Where the jury found that a water company contracting to furnish water for irrigation failed to supply water, the refusal to charge that the lien on crops for water furnished was superior to any other lien was not prejudicial, because it was abstract.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4225–4228, 4230; Dec. Dig. § 1068.*]

**6. LANDLORD AND TENANT (§ 330*)—FAILURE TO FURNISH WATER FOR IRRIGATION—DAMAGES—RIGHT TO RECOVER.**

A landlord entitled by contract to receive from an irrigation company water for his land may recover the damages incurred by the company's failure to furnish the requisite amount of water, though he received one-half of the crop raised on the land by a tenant.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1394–1399; Dec. Dig. § 330.*]

**7. TRIAL (§ 327*)—VERDICT—CERTAINTY.**

Where plaintiff instituting an action remained plaintiff through the trial in spite of a cross-action interposed by defendants who remained the only defendants, notwithstanding third persons intervened, a verdict for "defendants" was sufficiently certain as a verdict for the persons originally made defendants.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 768½–770; Dec. Dig. § 327.*]

**8. APPEAL AND ERROR (§ 880*)—ERRORS NOT AFFECTING PARTY COMPLAINING.**

Where there was no issue between plaintiff and interveners or between interveners and defendant, who admitted his indebtedness to the interveners, plaintiff was not affected by the jury's failure to find for the interveners.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3584–3590; Dec. Dig. § 880.*]

Appeal from District Court, Matagorda County; Wells Thompson, Judge.

Action by the Texas Irrigation Company against Moore, Bryan & Perry, a partnership, in which J. W. Magill and another intervened. There was a judgment for defendants as against plaintiff on its claim and against them on their cross-action, and in favor of the interveners, and plaintiff appeals. Affirmed.

Gaines' & Corbett, of Bay City, for appellant. Holland & Krause, of Bay City, and Lewis R. Bryan, of Houston, for appellees.

FLY, C. J. This is a suit for $2,800, instituted by appellant against the partnership of Moore, Bryan & Perry, composed of A. A. Moore, W. Joel Bryan, and M. S. Perry, alleged to be due by virtue of a contract, whereby appellant agreed to furnish water for irrigation purposes, and appellees agreed to pay for the same at the rate of $7 an acre for all land receiving the water. Appellees Moore, Bryan & Perry answered by general and special exceptions and general denial, and set up a cross-action against appellant, alleging damages arising from a failure on its part to furnish water as agreed to in the contract. J. W. Magill and G. M. Magill intervened in the suit, claiming that they had rented certain land to the defendants, which was involved in the suit, and claiming rent on said land from defendants. Injunctions were granted by the court to appellant to prevent Moore, Bryan & Perry, who will be styled appellees herein, from disposing of certain rice, and in favor of the interveners restraining appellant and appellees from withdrawing certain money from the registry of the court. The cause was tried by jury, and resulted in a verdict and judgment in favor of appellees as against appellant on its claim, against them on their cross-action, and in favor of interveners for their rent. This appeal is perfected by appellant alone.

The facts tend to show that appellant breached the contract by failing to furnish sufficient water to appellees, and that they were damaged at least in the amount claimed by appellant for the water.

[1] The first, second, third, and fourth assignments of error assail the action of the court in overruling certain exceptions to the answer of appellees. The latter admitted the execution of the water contracts between them and appellant, and then alleged that they and their tenants had properly cultivated the land in rice, and that appellant failed and refused to furnish water to appellees and their tenants. Appellees were not bound to cultivate all of the land themselves, but had the right to obtain tenants to cultivate the land, and the contract to furnish water to appellees was binding on appellant whether the land was being cultivated by tenants or appellees themselves, and no privity of contract was necessary between appellant and the tenants. The cultivation of the land by the latter was the cultivation of appellees, and a failure to furnish them water was a failure to furnish appellees water. The tenants were not endeavoring to establish any claim against appellant, but it was appellees who were setting up the claim. The contract contemplated that appellees should have employés to assist in cultivating the land, and the tenants were the employés. It was not necessary that appellees should set out their contract with their employés. They sued on their contract with appellant, and not that with their tenants.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

The fourth assignment is submitted as a proposition, but it is very general, and should not be considered. We do not think, however, there is any merit in the assignment. The proper measure of damages for failure to supply the water was submitted to the jury, even if an improper measure of damages had been pleaded in the answer. However, it was not so pleaded. Appellees did not recover on their cross-action, and it would seem that it mattered little what they pleaded as to the measure of damages.

[2] The fifth and sixth assignments of error are directed at the action of the court in admitting certain evidence. No reference is made in the statement following the assignments to bills of exceptions reserved to the testimony, and we find none in the record, and consequently there is no basis for the assignments. In the assignments of error, no mention is made of the witnesses who were permitted to testify as to the matters of which complaint is made. The assignments are overruled.

[3] The seventh assignment of error complains of a clause of the court's charge which instructed the jury that if they found that appellant "did not furnish the water necessary to irrigate the crop, and that said failure was not caused by the excessive drouth and the going dry of the Colorado river," to find for appellees, and giving the measure of damages as "the difference between the value of the crop raised, less the cost of raising, harvesting, and marketing the same, and the value of the crop that would have been raised if it had been properly watered, less the cost of raising, harvesting, and marketing." The first proposition under the assignment is very general, claiming that the charge limited "the plaintiff's defense to drouth, and none other." What the other defenses were does not appear in the brief. We have not discoverd any other defense to the cross-action.

The charge excluded all the cost of raising, handling, and marketing the rice. The charge of the court should be read in connection with the special charge given which confined the value of the rice to its market value. The jury were not misled by the charge into giving appellees more than they claimed; in fact, they gave them much less. The assignment is overruled.

[4] As appellant failed to recover any sum whatever against appellees, we fail to see how it should be concerned in regard to errors in charges as to the interveners' claim against appellees. That could concern no one but appellees. The eighth and tenth assignments are therefore overruled.

[5] The ninth assignment of error is overruled. The special charge given by the court is not open to the objections urged. It is neither argumentative, nor upon the weight of the evidence.

It may be true, as contended by appellant, that the lien of the "water lord," as the corporation is termed in the brief, is a preference lien on the crops, for water furnished, over all other liens, but what does it profit appellant in this case, where the jury have found that it had not furnished the water? The lien is given upon crops raised on land irrigated by the irrigation corporation. If it were error to refuse the special charge as to the preference, it was a pure abstraction, and should not be entertained. Appellant could not by any possibility have been injured by a failure to charge on superiority of liens. Even in the special charge requested by appellant, the existence of the lien was conditioned on a compliance by appellant with the terms of the contract, or an honest effort to comply therewith.

[6] Appellees had the right to collect one-half the rice raised on the land, and they received it, but we fail to see how that fact would prevent appellees recovering damages incurred by them by a failure to furnish the requisite amount of water. Appellees sued for their part of the damages, and they had the right to recover them, although they had received their portion of the crop which had been damaged by the act of appellant. Appellees could not be compelled to give their tenants all the crops raised on the farms, as a condition precedent to recovery from appellant. The effect of the verdict, which was a finding in favor of appellees, for money arising from the sale of their rice, was that appellants were not entitled to recover pay for water to irrigate the land of appellees. With that money the tenants had nothing to do. The thirteenth assignment of error is overruled.

As appellant was and is not in any manner affected by a variance between the pleadings and proof of interveners, there can be no reasonable ground of complaint on that score, and the fourteenth assignment of error is overruled.

[7] The verdict found "for the defendants the amount in register of court." We do not think that the verdict was "vague, uncertain and unintelligible," nor can there be any doubt as to whom were intended to be described by the term, "defendants." Appellant began the suit, and, in spite of the cross-action, was plaintiff all through the trial. The Magills were interveners, and the only defendants in the case were Moore, Bryan, and Perry. A reference to the record renders the verdict sufficiently certain, if there were any uncertainty about it, which there is not.

The seventeenth assignment of error is vague and uncertain. It does not claim that the verdict was not supported by the evidence, nor does it attempt to show wherein it was not based on pleadings and proof.

[8] There was no issue to be tried between interveners and the appellees, nor did the facts raise any between appellant and the interveners. Appellees admitted their indebt-

edness to the interveners, and appellant is in no wise affected by a failure of the jury to find in favor of interveners. It was agreed by appellees, as appears from recitals in the judgment, that interveners should have a judgment for their rent to be taken out of the money deposited in court, which was given to appellees by the jury. There was perhaps an irregularity in the verdict, but it in no wise affected any interest of appellant. The other attacks, on the verdict and judgment, contained in the remaining assignments of error are not meritorious, and are overruled.

The judgment is affirmed.